OPINION OF THE COURT
Rose McBrien, J.
The defendant is charged with violating section 172 of the General Business Law which provides: "No person shall open, keep, maintain, own, operate or carry on any employment agency unless such person shall have first procured a license therefor as provided in this article. Such license shall be issued by the industrial commissioner, except that if the employment agency is to be conducted in the city of New York such license shall be issued by the commissioner of consumer *438 affairs of such city. Such license shall be posted in a conspicious place in said agency.” Section 190 of the General Business Law makes such a violation a class A misdemeanor.
The pertinent definitions of the term "employment agency” are contained in paragraphs a and c of subdivision 2 of section 171 of the General Business Law. Paragraph a provides: " 'Employment agency’ means any person * * * who, for a fee, procures or attempts to procure: (1) employment or engagements for persons seeking employment or engagements, or (2) employees for employers seeking the services of employees.”
Paragraph c states: " 'Employment agency’ shall include any person who renders vocational guidance or counselling services and who charges a fee, all or any part of which is in consideration of such person procuring or attempting to procure employment or engagements for persons seeking employment or engagements.”
The trial was held before the court without a jury and the only witness was Mr. Sheldon Wilson, an inspector employed by the Department of Consumer Affairs of the City of New York who was called by the People. The defendant rested at the close of the People’s case.
After trial, the court makes the following findings of fact and conclusions of law.
During the month of November, 1976, Mr. Wilson, as an inspector for the Department of Consumer Affairs, made two visits to the defendant’s corporate office located at 800 Second Avenue, Manhattan. The visits were made in connection with Mr. Wilson’s inspection of the premises for the alleged violation of the licensing provisions of section 172 of the General Business Law. On each occasion, Mr. Wilson spoke to one Mortimer Van Brink, who identified himself as president of the defendant.
On November 9, 1976, the date of Mr. Wilson’s first visit, he spoke to Mr. Van Brink for approximately 45 minutes. At trial, Mr. Wilson estimated that he could only remember about "forty percent” of his conversation with Mr. Van Brink. Although unable to recollect the entire colloquy between himself and Mr. Van Brink, the witness testified that Mr. Van Brink stated that defendant assisted its clients in preparing resumés and sending letters in their clients’ names to different corporations. It was also stated by defendant’s president that defendant provided counseling services. There was also conversation about a fee being collected by defendant for its *439 service; however, the witness could not recall with any degree of certainty whether the fee was paid by defendant’s clients or by the corporate employers of its clients.
Doubtful about the situation and whether a summons should be issued, Mr. Wilson left the premises in order to confer with his supervisor.
Mr. Wilson did not return to the defendant’s offices until November 16, 1976, at which time he served the corporate appearance ticket for operating an employment agency without a license.
A violation of section 172 of the General Business Law being punishable as a misdemeanor, the prosecution must prove the defendant’s guilt beyond a reasonable doubt.
It is the position of the Corporation Counsel that the testimony elicited at trial is sufficient to find beyond a reasonable doubt that Davan Executive Services, Inc., did operate an "employment agency” as defined by section 171 (subd 2, par c) of the General Business Law. To the contrary, the court finds the Corporation Counsel’s contention lacks the support of sufficient credible evidence.
The licensing requirement imposed by section 172 of the General Business Law is dependent upon a finding that defendant was in fact an "employment agency” encompassed by the definitional provisions of section 171 of the statute.
There is a paucity of legal precedent on the meaning of "employment agency.” However, it seems clear that there must be at least some evidence that the defendant procured or attempted to procure employment for its clients in consideration of a fee. The court believes the terms "procures” or "attempt to procure” are critical in the definition of an employment agency. It is this feature of procurement which distinguishes the employment agency from other kinds of enterprise, such as the writing of a book on how to get a job or the preparation of resumés.
The term "procure”, interpreted according to its clear and logical tenor, means "to cause a thing to be done; to instigate; to contrive, bring about, effect or cause.” (Black’s Law Distionary [rev 4th ed].)
In fact such an interpretation finds support in the recent decision of the Appellate Term, First Department, in People v Allen (NYU, Jan. 13, 1978, p 6, col 2) which found: "The gravamen of the offense charged is that some part of the *440 services performed consist of seeking employment for the applicant for a fee”. (Citing General Business Law, § 171, subd 2, par c; § 172.)
The significant criterion in the opinion of the appellate court was whether the defendant had actively sought employment opportunities on its clients’ behalf. Vocational or career counseling was found to be inadequate to sustain a conviction.
Not inconsistent with the holding in Allen (supra) is the definition of employment agency contained in subdivision 2 of section Bl-2.0 of the Administrative Code of the City of New York which provides in relevant part: "The term 'employment agency’ includes any person undertaking to procure employees or opportunities to work.”
Turning to the facts of the instant case, there is no evidence in the record to indicate any agreement, contractual or otherwise, that defendant would procure employment for its clients. Nor is there any evidence which demonstrates that defendant made effort to personally contact potential employers in an attempt to procure or solicit employment opportunities for its clients. The evidence adduced demonstrates that defendant did nothing more than provide a resumé preparation and mailing service.
Since the court concludes that a showing of procurement or an attempt to procure is an essential element of the offense charged, it follows that the prosecution has failed to establish beyond a reasonable doubt that the defendant Davan Executive Services, Inc., conducted an employment agency within the purview of section 171 (subd 2, par c) or any other subdivision of that section of the General Business Law. Accordingly, the defendant corporation is found not guilty. The court will entertain an application by the defendant pursuant to CPL 160.50.